IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-549-FL

| | |
|---|---|
| THE ESTATE OF RICHARD MYERS, )<br>BY AND THROUGH ITS PERSONAL )<br>REPRESENTATIVE, RICHARD D. )<br>MYERS, ON BEHALF OF THE ESTATE, )<br>AND THE ESTATE OF GAIL MYERS, )<br>BY AND THROUGH ITS PERSONAL )<br>REPRESENTATIVE, RICHARD D. )<br>MYERS, ON BEHALF OF THE ESTATE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WAL-MART STORES, INC., WAL-MART )<br>REALTY COMPANY, AND )<br>WAL-MART STORES EAST, LP, )<br>)<br>Defendants. ) | **ORDER** |

This case comes before the court on the motion (D.E. 21) by defendants Wal-Mart Stores, Inc., Wal-Mart Realty Company, and Wal-Mart Stores East, LP (collectively "defendants") to quash a subpoena (D.E. 22-1 at pp. 2-5) issued by plaintiffs, the estates of Richard Myers and Gail Myers, by and through their personal representative, Richard D. Myers (collectively "plaintiffs"). Defendants have filed a memorandum (D.E. 22) in support of their motion. Plaintiffs have filed a response (D.E. 24) and memorandum (D.E. 25) in opposition. The motion will be ALLOWED for the reasons set forth below.

## BACKGROUND

Plaintiffs commenced this action in the Superior Court of Cumberland County, North Carolina. (*See* Compl. (D.E. 1-2 at pp. 5-19)). Defendants timely removed the action to this court. (*See* Notice of Removal (D.E. 1)).

The action arises from an incident on 3 December 2007 in which Richard and Gail Myers were struck by a motor vehicle in the parking lot of a Wal-Mart retail store in Fayetteville, North Carolina and later died. (Compl. ¶ 2). In their complaint, plaintiffs assert claims against defendants for wrongful death; negligent design, construction, maintenance, and supervision of the parking lot and building; and failure to warn. (*Id.* ¶¶ 10-51). Plaintiffs seek compensatory and punitive damages, and other relief. (*Id.* Prayer for Relief 18).[1] Defendants deny liability. (*See generally* Ans. (D.E. 6)).

On 25 August 2010, plaintiffs served the subpoena that forms the basis of the instant motion. The subpoena directs a third-party engineering firm located in Charlotte, North Carolina, Kimley-Horn and Associates, Inc. ("Kimley-Horn"), to produce documents related to the design and construction of the Wal-Mart store in question. (*See* Subpoena 2). The subpoena issued from this court, but directed the documents to be sent to plaintiffs' counsel in Newton, Pennsylvania. (*Id.*).

## DISCUSSION

Defendants contend that the subpoena is defective and should therefore be quashed, in part, because they were provided no notice before it was served. Rule 45(b)(1) of the Federal Rules of Civil Procedure provides that "[i]f the subpoena commands the production of documents . . . then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). Here, defendants' counsel received a copy of the subpoena by mail on 27 August 2010, which they contend was their first notice of the subpoena. Plaintiffs do not contest defendants' allegation on this point. Defendants correctly note that this violation alone could warrant quashing the subpoena. *Butler v.*

---

[1] Page references in citations to the complaint and subpoena are to those assigned by the court's electronic filing system.

*Biocore Medical Technologies, Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003) ("Rule 45(b)(1) requires notice to be given prior to service of a subpoena."). Were this the only flaw, however, the apparent lack of prejudice to defendants might have allowed the subpoena to stand.

But, as defendants contend, there is an additional, more fundamental defect in the subpoena. Rule 45(a)(2) of the Federal Rules of Civil Procedure requires expressly that a subpoena must issue "for production and inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2). The subpoenas here sought only the production and inspection of documents, and called for such production in Newton, Pennsylvania, which is in the Eastern District of Pennsylvania. Therefore, under the plain terms of Rule 45(a)(2) and the subpoena, the District Court for the Eastern District of Pennsylvania, not this court, was the proper court for issuance of the subpoena. While plaintiffs appear to suggest that defense counsel's awareness of their local counsel's office, which is within this district, somehow absolves the subpoena's error, they have offered no authority for this proposition. *Doe v. Paulie Walnuts*, No. 5:08-MC-1, 2008 WL 4326473, at *2 (W.D. Va. 19 Sept. 2008) (holding that where subpoena was issued from wrong court, it was "not a simple clerical error that may be disregarded by the court"). Accordingly, because the subpoena issued from the wrong court, it will be quashed.[2]

In addressing defendants' motion on the merits, the court has rejected plaintiffs' argument that defendants do not have standing to object to the subpoena. This argument might have been valid if defendants were objecting solely to the scope or breadth of the documents requested. Where, as

---

[2] Defendants challenge the subpoena on the additional grounds that it violates the Case Management Order and is otherwise futile in light of plaintiffs' expert testimony. Because the court finds that the subpoena must be quashed on other grounds, it need not consider defendants' remaining arguments.

3

here, however, defendants are challenging the notice they themselves are entitled to receive under the rules and the validity of the subpoena itself, the court has exercised its discretion to consider the merits of defendants' motion. *Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, No. 09-cv-66, 2009 WL 3242561, at *2-3 (D. Del. 8 Oct. 2009).

## CONCLUSION

For the foregoing reasons, defendants' motion to quash is ALLOWED and the subpoena is hereby QUASHED. Kimley-Horn need not produce any documents in response to the subpoena.

SO ORDERED, this the 22 day of November 2010.

James E. Gates
United States Magistrate Judge

4

Case 5:09-cv-00549-FL   Document 47   Filed 11/22/10   Page 4 of 4